## Guilbeau v. His Creditors.

Where the transcript was not filed at the time when the appeal was made returnable, and no application was made to extend the time, the appeal must be dismissed.

APPEAL from the District Court of St. Martin, *Voorhies*, J. *Magill*, for the appellants. *Brent*, contra. The judgment of the court was pronounced by

SLIDELL, J. An appeal was allowed in this case returnable at New Orleans, on the second monday of February last. The transcript was never filed there; no application was made for further time; and, after a delay of several months, the transcript was first filed at Opelousas, at the present term. The motion to dismiss must prevail. *Appeal dismissed.*

---

## Broussard v. Broussard et al.

An appellee cannot require an appeal to be dismissed on the ground that he has not been cited. It is the duty of the clerk to issue, and of the sheriff to serve, the citation; and their neglect of duty cannot deprive a party of the right to be heard on appeal. In such a case further time will be allowed to cite the appellee. Stat. 20 March, 1839, s. 19.

APPEAL from the District Court of Lafayette, *Boyce*, J. *Brent, Crow* and *Porter*, for the plaintiff. *Magill*, for the appellants.

The judgment of the court was pronounced by

KING, J. The plaintiff has moved to dismiss this appeal, on the grounds, that she has not been cited to answer the appeal, and that the defendants have acquiesced in, and voluntarily executed, the judgment appealed from.

The first ground taken is not sufficient to authorise the dismissal of the appeal. It is the duty of the clerk to issue, and of the sheriff to serve, the citation, and make his return. No failure of these officers to perform these duties can deprive parties of their right to be heard on appeal; but authorises the granting of further time for citing the appellee. Acts of 1839, p. 170, § 19.

In support of the second ground, the receipt of the sheriff to the appellee for the slaves which form the subject of the judgment appealed from, and a certificate of the sheriff that they were delivered in compliance with the instructions of one of the defendants, have been produced. The defendants take issue on this point, which is a matter that has arisen since the rendition of the judgment appealed from, and can only be inquired into by the court of the first instance. For the purpose of making that inquiry, it becomes necessary to remand the cause. It is therefore ordered that this cause be remanded to the District Court, with instructions to the judge to enquire whether either or both of the parties defendant have acquiesced in the judgment rendered therein, by voluntarily executing it.